UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BEVERLY VIGIL (AKA BEVERLY VIGIL-ZOTTI or BEVERLY ZOTTI),<br><br>Defendant,<br><br>and<br><br>KENNETH D. ZOTTI, INC. dba ZOTTI PLUMBING COMPANY,<br><br>Garnishee. | Case No. 1:02-cr-00002-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Richard Hollman's claim for decedent William Hollman's remaining restitution from *USA v. Vigil, et al*. For the reasons that follow, the Court will grant the request.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

In 2002, defendant Beverly Vigil[1] pled guilty to conspiracy to commit wire fraud and conspiracy to deliver misbranded drugs into interstate commerce. *See* Dkts. 19, 23. In addition to a term of imprisonment and supervised release, the Court ordered Vigil to pay $792,387 in restitution to the victims of her fraud. *See June 26, 2003 Judgment*, Dkt. 53. As of July 2019, Vigil still owed $617,474 in restitution.

In February 2020, the Court granted Vigil's request to transfer this matter to the United States District Court for the Northern District of California. *See Order*, Dkt. 122. However, before transferring the case, the Court must distribute all remaining restitution payments deposited with the Court to the victims. Unfortunately, since the 2003 judgment, several of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court.

As a result, the United States Attorney for the District of Idaho sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Richard Hollman has submitted a request to have the unclaimed restitution

---

[1] Ms. Vigil has remarried and is now known as Beverly Vigil-Zotti, or Beverly Zotti. For ease of reference, however, and to avoid confusion, the Court will refer to her as Beverly Vigil here.

payments related to decedent William Hollman released to him. In support of his request, Richard has submitted a copy of William's death certificate, a certification of the William Hollman Inter Vivos Trust, and a copy of a Grant and Assignment of William's property to the trust.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

## ANALYSIS

Richard has established that he is entitled to receive William's unclaimed restitution. First, the death certificate provided by Richard indicates that William, a resident of California, passed away in 2013. Second, based on the Certification of Trust and the Grant and Assignment, it appears that, in February 2012, William

MEMORANDUM DECISION AND ORDER - 3

granted all his property, including his interest in the restitution, to a living trust in which Richard was the sole successor trustee. Thus, when William died, Richard inherited the right to the restitution. Richard therefore is entitled to receive William's unclaimed restitution.

## ORDER

**IT IS ORDERED** that William Hollman's unclaimed restitution payments from *USA v. Vigil, et al* shall be released to Richard Hollman.

DATED: August 31, 2021

B. Lynn Winmill
U.S. District Court Judge