UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BEVERLY VIGIL (AKA BEVERLY VIGIL-ZOTTI or BEVERLY ZOTTI),<br><br>Defendant,<br><br>and<br><br>KENNETH D. ZOTTI, INC. dba ZOTTI PLUMBING COMPANY,<br><br>Garnishee. | Case No. 1:02-cr-00002-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Sheri Hollingsworth's request for decedent Donna Hollingsworth's remaining restitution from *USA v. Vigil, et al.* For the reasons that follow, the Court will deny the request without prejudice.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

In 2002, defendant Beverly Vigil[1] pled guilty to conspiracy to commit wire fraud and conspiracy to deliver misbranded drugs into interstate commerce. *See* Dkts. 19, 23. In addition to a term of imprisonment and supervised release, the Court ordered Vigil to pay $792,387 in restitution to the victims of her fraud. *See June 26, 2003 Judgment*, Dkt. 53. As of July 2019, Vigil still owed $617,474 in restitution.

In February 2020, the Court granted Vigil's request to transfer this matter to the United States District Court for the Northern District of California. *See Order*, Dkt. 122. However, before transferring the case, the Court must distribute all remaining restitution payments deposited with the Court to the victims. Unfortunately, since the 2003 judgment, several of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court.

As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Sheri Hollingsworth has submitted a request to have the unclaimed restitution payments related to decedent

---

[1] Ms. Vigil has remarried and is now known as Beverly Vigil-Zotti, or Beverly Zotti. For ease of reference, however, and to avoid confusion, the Court will refer to her as Beverly Vigil here.

Donna Hollingsworth released to her.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

## ANALYSIS

Sheri Hollingsworth has not shown she is entitled to receive Donna Hollingsworth's unclaimed restitution. In response to the notice sent by the Clerk of the Court, Sheri indicated that the Donna was her aunt, and she was unable to obtain a death certificate from the state because she and Donna were not blood relatives. Sheri also provided no other documents establishing her right to the

**MEMORANDUM DECISION AND ORDER - 3**

restitution. As such, Sheri's claim will be denied without prejudice,[2] and the Court will order the funds to be deposited with the Treasury.

## ORDER

**IT IS ORDERED** that:

1. Sheri Hollingsworth's claim for Donna Hollingsworth's restitution is **DENIED WITHOUT PREJUDICE**.

2. Donna Hollingsworth's unclaimed restitution from *USA v. Vigil, et al* shall be deposited with the Treasury.

DATED: August 31, 2021

B. Lynn Winmill
U.S. District Court Judge

---

[2] Sheri is free to reassert her claim provided she provides evidence to the Court consistent with this opinion.