UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BEVERLY VIGIL (AKA BEVERLY VIGIL-ZOTTI or BEVERLY ZOTTI),<br><br>Defendant,<br><br>and<br><br>KENNETH D. ZOTTI, INC. dba ZOTTI PLUMBING COMPANY,<br><br>Garnishee. | Case No. 1:02-cr-00002-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Joyce Olson's claim for decedent Ethel Kissner's remaining restitution from *USA v. Vigil, et al*. For the reasons that follow, the Court will grant the request.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

In 2002, defendant Beverly Vigil[1] pled guilty to conspiracy to commit wire fraud and conspiracy to deliver misbranded drugs into interstate commerce. *See* Dkts. 19, 23. In addition to a term of imprisonment and supervised release, the Court ordered Vigil to pay $792,387 in restitution. *See June 26, 2003 Judgment*, Dkt. 53. As of July 2019, Vigil still owed $617,474 in restitution.

In February 2020, the Court granted Vigil's request to transfer this matter to the United States District Court for the Northern District of California. *See Order*, Dkt. 122. However, before transferring the case, the Court must distribute all remaining restitution payments deposited with the Court to the victims. Unfortunately, since the 2003 judgment, several of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court.

As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Joyce Olson has submitted a request to have the unclaimed restitution payments related to decedent Ethel Kissner released to her. In support of her request, Olson submitted a copy of

---

[1] Ms. Vigil has remarried and is now known as Beverly Vigil-Zotti, or Beverly Zotti. For ease of reference, however, and to avoid confusion, the Court will refer to her as Beverly Vigil here.

**MEMORANDUM DECISION AND ORDER - 2**

Kissner's death certificate and an order for informal probate of will and informal appointment of personal representative from the Combined Court of Delta County, Colorado.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

## ANALYSIS

Olson has sufficiently established that she is entitled to receive Ethel Kissner's unclaimed restitution. First, the death certificate provided by Olson indicates that Kissner passed away in 2017. Second, Olson has provided an order from the Delta County Court that shows she is the qualified and appointed personal representative for Kissner's estate. Under Colorado law, this means Olson may

take "title to property of the estate that an absolute owner would have, in trust however, for the benefit of the creditors and others interested in the estate." C.R.S. § 15-12-711. As such, Olson has adequately shown she is entitled to receive Kissner's unclaimed restitution.

## ORDER

**IT IS ORDERED** that Joyce Olson's request for Ethel Kissner's unclaimed restitution payments from *USA v. Vigil, et al* is **GRANTED**. The Clerk of the Court shall release the funds to Joyce Olson to be disposed of in accordance with Kissner's estate plan.

DATED: August 31, 2021

B. Lynn Winmill
U.S. District Court Judge