UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BEVERLY VIGIL (AKA BEVERLY VIGIL-ZOTTI or BEVERLY ZOTTI),<br><br>Defendant,<br><br>and<br><br>KENNETH D. ZOTTI, INC. dba ZOTTI PLUMBING COMPANY,<br><br>Garnishee. | Case No. 1:02-cr-00002-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are two separate claims from Craig McGregor and Roger McGregor for decedent Joan McGregor's remaining restitution from *USA v. Vigil, et al*. For the reasons that follow, the Court will grant Craig McGregor's request and deny Roger McGregor's request.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

In 2002, defendant Beverly Vigil[1] pled guilty to conspiracy to commit wire fraud and conspiracy to deliver misbranded drugs into interstate commerce. *See* Dkts. 19, 23. In addition to a term of imprisonment and supervised release, the Court ordered Vigil to pay $792,387 in restitution. *See June 26, 2003 Judgment*, Dkt. 53. As of July 2019, Vigil still owed $617,474 in restitution.

In February 2020, the Court granted Vigil's request to transfer this matter to the United States District Court for the Northern District of California. *See Order*, Dkt. 122. However, before transferring the case, the Court must distribute all remaining restitution payments deposited with the Court to the victims. Unfortunately, since the 2003 judgment, several of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court.

As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimants Craig McGregor and Roger McGregor have separately submitted requests to have the unclaimed restitution payments related to decedent Joan McGregor released to them. In support of their

---

[1] Ms. Vigil has remarried and is now known as Beverly Vigil-Zotti, or Beverly Zotti. For ease of reference, however, and to avoid confusion, the Court will refer to her as Beverly Vigil here.

requests, both Craig and Roger have each submitted a copy of Joan's certificate of death as well as her final will.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

## ANALYSIS

The Court will grant Craig's request and deny Roger's because Craig is the personal representative of Joan's estate. Joan's certificate of death shows that she died in 2013 as a resident of Colorado. Additionally, Joan's will appointed Craig to act as the personal representative of her estate. Under Colorado law, this means Craig may take "title to property of the estate that an absolute owner would have, in trust however, for the benefit of the creditors and others interested in the estate."

**MEMORANDUM DECISION AND ORDER - 3**

C.R.S. § 15-12-711. As such, Craig has proven he is entitled to receive Joan's unclaimed restitution.

## ORDER

**IT IS ORDERED** that:

1. Craig McGregor's request for Joan McGregor's unclaimed restitution payments from *USA v. Vigil, et al* is **GRANTED**. The Clerk of the Court shall release the funds to Craig McGregor to be disposed of in accordance with Joan McGregor's will.

2. Roger McGregor's request for Joan McGregor's unclaimed restitution payments from *USA v. Vigil, et al* is **DENIED**.

DATED: August 31, 2021

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4