UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BEVERLY VIGIL (AKA BEVERLY VIGIL-ZOTTI or BEVERLY ZOTTI), <br><br> Defendant, <br><br> and <br><br> KENNETH D. ZOTTI, INC. dba ZOTTI PLUMBING COMPANY, <br><br> Garnishee. | Case No. 1:02-cr-00002-BLW <br><br> MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court are two separate claims from Vicki Hudson and Curtis Strandy for the remaining restitution owed to decedents Robert and Jeanette Strandy from *USA v. Vigil, et al*. For the reasons that follow, the Court will deny both claims.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

In 2002, defendant Beverly Vigil[1] pled guilty to conspiracy to commit wire fraud and conspiracy to deliver misbranded drugs into interstate commerce. *See* Dkts. 19, 23. In addition to a term of imprisonment and supervised release, the Court ordered Vigil to pay $792,387 in restitution. *See June 26, 2003 Judgment*, Dkt. 53. As of July 2019, Vigil still owed $617,474 in restitution.

In February 2020, the Court granted Vigil's request to transfer this matter to the United States District Court for the Northern District of California. *See Order*, Dkt. 122. However, before transferring the case, the Court must distribute all remaining restitution payments deposited with the Court to the victims. Unfortunately, since the 2003 judgment, several of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court.

As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimants Vicki Hudson and Curtis Strandy have separately submitted requests to have the unclaimed restitution payments related to decedents Robert and Jeanette Strandy released to them. In support of her request, Hudson has provided death certificates for Robert and

---

[1] Ms. Vigil has remarried and is now known as Beverly Vigil-Zotti, or Beverly Zotti. For ease of reference, however, and to avoid confusion, the Court will refer to her as Beverly Vigil here.

Jeanette Strandy, her marriage license from her marriage to Robert, and various legal documents establishing her identity and relationship to Robert. Likewise, Curtis has provided a certificate of death for Robert, a Power of Attorney for Robert Strandy appointing Lori Ann Robertson as agent, and the Last Will and Testament of Robert Strandy from 2001.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

## ANALYSIS

Neither Vicki Hudson nor Curtis Strandy have shown they are entitled to receive the remaining restitution for Robert and Jeanette Strandy. Hudson has provided death certificates that show that Robert and Jeanette passed away in 2017

and 1999 respectively as residents of Washington. In his 2001 will, Robert names his five children and four stepchildren as equal heirs to his estate, including both Hudson and Curtis. Additionally, the will names Lori Robertson (formerly known as Loralee Wyers) as the personal representative of Robert's estate. Under Washington law, as personal representative, Robertson would be entitled to "collect all debts due the deceased" and to take "immediate possession of all the . . .personal estate of the deceased[.]" Wash. Rev. Code §§ 11.48.010-020. Robertson therefore would be entitled to receive Robert's restitution so long as no subsequent acts or documents abrogated the 2001 will.

In 2007, Robert and Hudson married, but this does not entitle Hudson to the unclaimed restitution. Although Washington is a community property state, Robert's right to the restitution originated before his marriage to Hudson. It was therefore his separate property, and he was free to devise his right to the restitution regardless of a later marriage. *See* Wash. Rev. Code § 26.16.010. As such, the additional legal documents that Hudson has provided that show her relationship to Robert do not support her claim to the restitution either.

The documents provided by Curtis also do not show he is entitled to receive the restitution. While Robert's will names Curtis as an heir, it names Lori Robertson (Loralee Wyers) as the personal representative. Additionally, Robert's

MEMORANDUM DECISION AND ORDER - 4

power of attorney document provided by Curtis does not appoint Curtis and would have expired when Roberts passed away in 2017.

Because neither claimant has proven they are entitled to receive the restitution, the claims of both Vick Hudson and Curtis Strandy will be denied without prejudice,[2] and the unclaimed restitution of Robert and Jeanette Strandy will be deposited with the Treasury.

## ORDER

**IT IS ORDERED** that:

1. The claims of both Vicki Hudson and Curtis Strandy for the unclaimed restitution payments of Robert and Jeanette Strandy from *USA v. Vigil, et al* are **DENIED WITHOUT PREJUDICE**.

2. The Clerk of the Court shall deposit the unclaimed funds of Robert and Jeanette Strandy with the Treasury.



DATED: August 31, 2021

B. Lynn Winmill
U.S. District Court Judge

---

[2] Both claimants may reassert their claims to the restitution provided they produce additional evidence consistent with this order.

**MEMORANDUM DECISION AND ORDER - 5**