UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BEVERLY VIGIL (AKA BEVERLY VIGIL-ZOTTI or BEVERLY ZOTTI),<br><br>Defendant,<br><br>and<br><br>KENNETH D. ZOTTI, INC. dba ZOTTI PLUMBING COMPANY,<br><br>Garnishee. | Case No. 1:02-cr-00002-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Gail Hallman's request for decedent William Omick Jr.'s remaining restitution from *USA v. Vigil, et al.* For the reasons that follow, the Court will deny the request without prejudice.

MEMORANDUM DECISION AND ORDER - 1

## BACKGROUND

In 2002, defendant Beverly Vigil[1] pled guilty to conspiracy to commit wire fraud and conspiracy to deliver misbranded drugs into interstate commerce. *See* Dkts. 19, 23. In addition to a term of imprisonment and supervised release, the Court ordered Vigil to pay $792,387 in restitution to the victims of her fraud. *See June 26, 2003 Judgment*, Dkt. 53. As of July 2019, Vigil still owed $617,474 in restitution.

In February 2020, the Court granted Vigil's request to transfer this matter to the United States District Court for the Northern District of California. *See Order*, Dkt. 122. However, before transferring the case, the Court must distribute all remaining restitution payments deposited with the Court to the victims. Unfortunately, since the 2003 judgment, several of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court.

As a result, the United States Attorney for the District of Idaho sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Gail Hallman has submitted a request to have the unclaimed restitution payments

---

[1] Ms. Vigil has remarried and is now known as Beverly Vigil-Zotti, or Beverly Zotti. For ease of reference, however, and to avoid confusion, the Court will refer to her as Beverly Vigil here.

related to decedent William Omick Jr. released to her. In support of her request, Hallman has submitted a copy of Omick Jr.'s death certificate, a copy of the death certificate of Omick Jr. and Hallman's father (William Omick Sr.), a copy of an excerpt from Omick Sr's Restated Trust Agreement, a letter explaining her claim, and a Petition For Determination of Incapacity filed with the Court of Common Pleas of Lehigh County, Pennsylvania.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

## ANALYSIS

Hallman has not provided sufficient documentation to prove she is entitled to receive William Omick Jr.'s unclaimed restitution. First, Hallman has not

provided proper documentation to support her claim that she is an intestate heir of Omick Jr. While the Petition For Determination of Incapacity filed with the Court of Common Pleas of Lehigh County, Pennsylvania does list her along with Omick Sr. and Edwardine Omick as heirs, it is merely a petition rather than a court order, and this Court cannot rely on it as proof.

Additionally, Hallman claims, based on Omick Sr.'s Restated Trust Agreement, that she is the sole heir of Omick Sr.'s estate including any of Omick Jr.'s restitution payments that Omick Sr. inherited. However, the Restated Trust Agreement does not indicate which property Omick Sr. transferred to the trust, and the Court unfortunately cannot presume it was his entire estate. Lastly, while the Court believes Edwardine Omick passed away in 2011, it would help corroborate Hallman's claim if she provided a certificate of death for Edwardine.

Because Hallman has failed to provide sufficient documentation to show she is entitled to the funds, her claim is denied without prejudice,[2] and the Court will have the funds deposited with the Treasury.

## ORDER

**IT IS ORDERED** that:

---

[2] Hallman is allowed to petition the Court for the funds again provided she produces additional documentation consistent with this order.

1. Gail Hallman's claim for William Omick Jr.'s restitution is **DENIED WITHOUT PREJUDICE**.

2. William Omick Jr.'s unclaimed restitution from *USA v. Vigil, et al* shall be deposited with the Treasury.

DATED: August 31, 2021

B. Lynn Winmill
U.S. District Court Judge