UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BEVERLY VIGIL (AKA BEVERLY VIGIL-ZOTTI or BEVERLY ZOTTI),<br><br>Defendant,<br><br>and<br><br>KENNETH D. ZOTTI, INC. dba ZOTTI PLUMBING COMPANY,<br><br>Garnishee. | Case No. 1:02-cr-00002-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are two separate claims from Suzette Tieman and Joe Faraci for decedent Yvonne Anderson's remaining restitution from *USA v. Vigil, et al*. For the reasons that follow, the Court will grant Suzette Tieman's request and deny Joe Faraci's request.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

In 2002, defendant Beverly Vigil[1] pled guilty to conspiracy to commit wire fraud and conspiracy to deliver misbranded drugs into interstate commerce. *See* Dkts. 19, 23. In addition to a term of imprisonment and supervised release, the Court ordered Vigil to pay $792,387 in restitution. *See June 26, 2003 Judgment*, Dkt. 53. As of July 2019, Vigil still owed $617,474 in restitution.

In February 2020, the Court granted Vigil's request to transfer this matter to the United States District Court for the Northern District of California. *See Order*, Dkt. 122. However, before transferring the case, the Court must distribute all remaining restitution payments deposited with the Court to the victims. Unfortunately, since the 2003 judgment, several of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court.

As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimants Suzette Tieman and Joe Faraci have separately submitted requests to have the unclaimed restitution payments related to decedent Yvonne Anderson released to them. In support of her

---

[1] Ms. Vigil has remarried and is now known as Beverly Vigil-Zotti, or Beverly Zotti. For ease of reference, however, and to avoid confusion, the Court will refer to her as Beverly Vigil here.

request, Tieman has submitted of copy of Anderson's certificate of death, will, and trust certification. Faraci has also submitted a copy of Anderson's will and trust documents.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

## ANALYSIS

Tieman has provided sufficient evidence to show she is entitled to receive Yvonne Anderson's remaining restitution. Anderson's certificate of death shows that she passed away in 1997 as a resident of California, and her will appoints Tieman as co-executor of Anderson's estate. Under California law, an executor is tasked with administering the decedent's estate which naturally includes taking

possession of the estate's property in anticipation for administration. *Estate of King*, 121 P.2d 716, 719 (Cal. 1942) ("It is the duty of an executor, with or without an order of court, to take charge of the property of an estate and to preserve it in as good condition as is reasonably possible pending administration."). The will therefore entitles Tieman, as executor, to receive Anderson's restitution and distribute it in accordance with Anderson's estate plan. While the trust shows that Faraci is a beneficiary of the trust, he is not an executor like Tieman. Accordingly, the Court will grant Tieman's request and deny Faraci's.

## ORDER

**IT IS ORDERED** that:

1. Suzette Tieman's request for Yvonne Anderson's unclaimed restitution payments from *USA v. Vigil, et al* is **GRANTED**. The Clerk of the Court shall release the funds to Suzette Tieman to be disposed of in accordance with Yvonne Anderson's will.

2. Joe Faraci's request for Yvonne Anderson's unclaimed restitution payments from *USA v. Vigil, et al* is **DENIED**.

DATED: August 31, 2021

B. Lynn Winmill
U.S. District Court Judge